UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICKY DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC.<br>    Defendant. | No. 3:16cv8 (MPS) |

**RULING ON MOTION TO REOPEN**

**I. Introduction**

  This case arises out of the plaintiff's suit against Home Depot U.S.A., Inc. ("Home Depot") for injuries he allegedly suffered at one of the defendant's stores. *Pro se* plaintiff Ricky Davis brought suit against Home Depot for injuries he suffered while trying to move plywood into his van with the help of a Home Depot employee. (ECF No. 1). The parties reported the case settled and filed a subsequent stipulation of dismissal on April 14, 2017. (ECF No. 63). A few weeks later, the plaintiff filed an "amended complaint" attempting to set aside the settlement. (ECF No. 65). He filed another "amended complaint" attempting to achieve the same purpose in May of 2017. (ECF No. 66). I construed the amended complaints as a motion to reopen the case under Fed. R. Civ. P. 60. (ECF No. 68). For the reasons set forth below, I deny the plaintiff's motion to reopen this case.

## II. Background[1]

On March 21, 2017, the parties appeared before Magistrate Judge Martinez for a settlement conference and initially agreed to settle the case for $25,000. (ECF No. 67 at 3-4). The plaintiff withdrew from this agreement, however, after counsel for Home Depot inquired into whether he had a Medicare or Medicaid lien against him. (*Id.* at 5-10). Judge Martinez ordered the parties to "submit a joint written status report" to her within the next three days on the status of the parties' settlement talks. (ECF No. 58). Counsel for Home Depot submitted a joint status report, dated March 24, 2017, stating "that Plaintiff had represented to [counsel] that he had confirmed there were no outstanding medical liens with regard to the treatment he had received following the alleged incident, and that he agreed to accept the $25,000 settlement offer." (ECF No. 73-1, Affidavit of Caroline B. Lapish, Esq. ("Lapish Aff.") at ¶ 17).

Defense counsel promptly sent a "Settlement and Release" ("Settlement") memorializing the agreed upon terms to the plaintiff. (*Id.* at ¶ 25). The plaintiff executed and returned the settlement but failed to have it witnessed. (*Id.* at ¶ 26). On March 29, 2017, defense counsel overnighted another copy of the Settlement to the plaintiff. (*Id.* at ¶ 27). The plaintiff again executed and returned the Settlement, this time with his wife, Sherry Williams, signing as witness. (*Id.* at ¶ 29; ECF No. 73-8, Exhibit H, Settlement Agreement and Release ("Settlement")). Defense counsel subsequently alerted Judge Martinez to the executed Settlement in a joint status report on March 29, 2017. (Lapish Aff. at ¶ 31).

On April 6, 2017, defense counsel overnighted the settlement check to the plaintiff, along with a draft Stipulation of Dismissal for his review and approval. (*Id.* at ¶ 39). Defense counsel

---

[1] The factual background for this matter is compiled from the parties' papers, the transcript of the parties' settlement conference, and various other items on the docket.

noted in her letter that the plaintiff "was required, under the terms of the [Settlement], to file a Stipulation of Dismissal within three days of receiving the settlement proceeds." (*Id.* at ¶ 39). The plaintiff deposited the settlement check into his bank account on April 7, 2017, and the check cleared on April 10, 2017. (*Id.* at ¶ 47; ECF No. 73-15, Exhibit O). By April 11, 2017, however, the plaintiff had yet to return or comment upon the Stipulation of Dismissal. (Lapish Aff. At ¶ 49). On April 14, defense counsel avers that the plaintiff "reviewed and approved the Stipulation of Dismissal" and granted her "permission to file the same with the Court." (*Id.* at ¶ 51; ECF No. 73-17 at 1). Defense counsel subsequently filed the Stipulation of Dismissal on the docket on behalf of both parties, and the Court dismissed the case with prejudice. (ECF No. 63; ECF No. 64).

On April 25, 2017, the plaintiff filed a document on the docket labeled "Second Amended Complaint against Home Depot, Adler Pollock & Sheehan P.C." (ECF No. 66). The plaintiff advances two claims in his amended complaint. The first claim contends that defense counsel Lapish "failed to file pro hac vice [sic] and negotiated a settlement without a license." (*Id.* at 3). The plaintiff's second claim avers that defense counsel Lapish "indangered [sic] the psychological welfair [sic] of a minor with reckless testimoney [sic] without a license in her efferts [sic] to secure a [sic] unfair settlement without filing for pro hac vice [sic]. . . ." (*Id.*). The gravamen of this claim appears to concern an alleged remark uttered by Ms. Lapish off the record stating that the plaintiff was under the influence of cocaine at the time of his accident. (*Id.*). The plaintiff claims that this remark from Ms. Lapish put him under duress to settle the case for an unfair amount. (*Id.*). The plaintiff's request for relief asks the Court to "[p]lease reopen this case, and reverse this [miscarriage] of justice. . . ." (*Id.* at 4). On May 31, 2017, the plaintiff filed a document entitled "Second Amended Complaint against Home Depot, Adler Pollock & Sheehan P.C." (ECF No.

66). This complaint reiterates the same claims as the previous one; the only major difference is that the May complaint requests $300,000 in relief. (ECF No. 66).

The Court issued an order to show cause in July of 2017 construing the plaintiff's complaints as "a motion to reopen the case under Fed. R. Civ. P. 60" and requiring the defendant to "show cause on or before July 27, 2017 why the Court should not reopen the case." (ECF No. 68). The defendant subsequently filed a timely response. (ECF No. 73). On August 16, 2017, the plaintiff filed yet another "Amended Complaint" on the docket. (ECF No. 77). This complaint, however, appears to be a reply by the plaintiff to the defendant's response to the Court's order to show cause. Later, in response to an order to show cause issued by Magistrate Judge Martinez regarding the potential unsealing of the transcript of a portion of the settlement conference, the plaintiff filed another document, (ECF No. 84), in which he repeats arguments similar to those set forth in his "complaints."

### III. Legal Standard

Rule 60(b) allows a court to set aside a judgment[2] or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v.*

---

[2] Although a "judgment" was not entered in this case, the Second Circuit has held that lawsuits terminated with prejudice after the filing of a stipulation of dismissal predicated on a settlement constitute final judgments for the purposes of Rule 60(b). *See Nance v. NYPD*, 31 F. App'x 30, 33 & n. 4 (2d Cir. 2002).

*International Broth. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). In general, "courts require that the evidence in support of [a Rule 60(b) motion] be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. United States Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks and citations omitted). Relief from judgment under Rule 60(b) "is only warranted under 'extraordinary circumstances,' or to prevent 'extreme and undue hardship.'" *Nance v. NYPD*, 31 F. App'x 30, 33 (2d Cir. 2002) (quoting *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994). The "burden of proof is on the party seeking relief from judgment," in this case Davis. *International Broth. of Teamsters*, 247 F.3d at 391.

**IV.     Discussion**

The plaintiff does not carry his burden of demonstrating that he merits relief under Rule 60(b). As an initial matter, his decision to cash the settlement check precludes him from gaining the relief he seeks. The Second Circuit has held "that litigants seeking to vacate settlement agreements must disgorge any monetary benefits gained as a result of the agreement." *Nance*, 31 Fed. App'x at 33. The *Nance* court addressed a situation nearly identical to the one in this case. The plaintiff in *Nance* "sought to vacate the stipulated settlement agreement that both he and the defendants had signed, and that the district court [had] endorsed. . . ." *Id.* Shortly thereafter, the plaintiff "filed an amended complaint, which the district court construed as a motion to reopen." *Id.* The district court subsequently denied his motion to reopen. *Id.* at 33. The plaintiff filed a timely appeal shortly thereafter and then proceeded to cash his settlement check. *Id.* The Second Circuit affirmed the district court in large part on the basis that the plaintiff had "not offered to disgorge the monetary benefits gained as a result of the terms of the [settlement] agreement, instead cashing his check shortly after filing [his] appeal." *Id.* at 34. Here, the

plaintiff, like the plaintiff in *Nance*, cashed his settlement check and now seeks to set aside the settlement. He does not, however, offer to disgorge the $25,000 he received from the defendant. As a result, he is not entitled to reopen the case—he cannot "have his proverbial cake and eat it too." *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 79 F. Supp. 2d 239, 241 (W.D.N.Y. 1999) (holding that party could not simultaneously seek to enforce terms of settlement and also to reopen original cause of action).

Although the plaintiff's failure to offer to disgorge the settlement proceeds bars his motion, it is worth noting that his motion to reopen is meritless in any event. His first claim concerning Ms. Lapish's alleged failure to file a pro hac vice appearance is a nonstarter. First, Ms. Lapish was authorized to negotiate on behalf of the defendant and therefore had the authority to attend the conference and negotiate on its behalf regardless of her admission status. See D. Conn. L. Civ. R. 16(c)(3) ("Parties *and/or their representatives* shall attend any settlement conference fully authorized to make a final demand or offer, to engage in settlement negotiations in good faith, and to act promptly on any proposed settlement." (emphasis added)). Further, Ms. Lapish informed Judge Martinez that she had not yet been admitted to the United States District Court for the District of Connecticut prior to attending the settlement conference; Judge Martinez nonetheless gave her permission to appear on behalf of the defendant.[3] (Lapish Aff. At ¶¶ 9-10). Thus, the plaintiff's assertion that Ms. Lapish lacked the legal authority to negotiate the Settlement is incorrect.

Further, the issue of whether Ms. Lapish had filed a pro hac vice appearance prior to attending the settlement conference has little bearing on the legitimacy of the Settlement. At

---

[3] Ms. Lapish had submitted her application for admission prior to the settlement conference and was admitted on April 11, 2017. (ECF No. 62).

best, the plaintiff's claim could be construed as averring that Ms. Lapish's appearance constituted "fraud . . . , misrepresentation, or misconduct." Fed. R. Civ. P. 60(b)(3). To prevail on a motion under Rule 60(b)(3), a claimant must show that the opposing party's purported misconduct "prevented [the movant] from fully and fairly presenting his case." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F. Supp. 2d 309, 313 (S.D.N.Y. 2003) (internal quotation marks omitted). The plaintiff fails to demonstrate that Ms. Lapish's participation in the settlement process prevented him from presenting his case. Rather, the plaintiff had ample opportunity to engage with the defendant in the settlement process and, indeed, exercised his right to walk away from the agreement initially reached at the settlement conference. He then proceeded to haggle with defense counsel for several days thereafter before executing the Settlement. The plaintiff therefore fails to identify a single aspect of the settlement proceedings in this case that was unfair to him as a result of Ms. Lapish's admission status at the time of the settlement negotiations.

The plaintiff's second claim concerning the duress allegedly caused by Ms. Lapish's purported remarks[4] about the plaintiff's alleged cocaine use at the time of his incident also does not warrant the reopening of this case. In order to void a contract due to duress, a party must show a "wrongful act or threat which overcomes the free will of a party in agreeing to a contract. . . ." *DiMartino v. City of Hartford*, 636 F. Supp. 1241, 1250 (D. Conn. 1986). Ms. Lapish's purported remarks do not come close to this threshold. Further, the plaintiff clearly did not feel any overpowering effects due to Ms. Lapish's comments given that *he refused to agree to the*

---

[4] The defendant avers that the basis for the plaintiff's claim was Ms. Lapish's reference to a "medical record from the admitting hospital on the date of the [plaintiff's] incident which stated that Plaintiff had tested positive for cocaine." (ECF No. 73 at 13).

*settlement at the conference*. Thus, the plaintiff has failed to demonstrate that he entered into the settlement under duress due to defense counsel's alleged derogatory comments.

Finally, the plaintiff has failed to demonstrate that he merits relief under Rule 60(b)(6). The Second Circuit has "described the catch-all provision of Rule 60(b)(6) . . . as a grand reservoir of equitable power to do justice in a particular case." *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (internal quotation marks omitted). Such motions are disfavored, however, and "Rule 60(b)(6) is properly invoked only when extraordinary circumstances justify relief or when the judgment may work an extreme and undue hardship. . . ." *Id.* (internal quotation marks omitted). The plaintiff avers in his third amended complaint that the Court should grant him relief under Rule 60(b)(6) because the check sent by the defendant was coercive. (*See* ECF No. 77 at 3). He compares the defendant's tender of the check to "offer[ing] a starving man food and then punish[ing] him for eating it. . . ." (*Id.*).

The Settlement, however, is not a punishment imposed upon the plaintiff. Rather, it is the bargain that he struck with the defendant. He entered into it willingly and after negotiating it with the defendant for at least the better part of a month. Further, any claims of asymmetrical bargaining power are undercut by the plaintiff's repeated rejections of the defendant's settlement offers prior to his execution of the Settlement. To the extent that the defendant had a change of heart about the amount he received after the settlement, such an event does not provide grounds to reopen the case under Rule 60(b). *See Tirado v. Waterbury Hous. Auth.*, No. 3:14CV01153(SAM), 2015 WL 9943620, at *3 (D. Conn. Dec. 8, 2015) ("[P]laintiff simply states that she had a change of heart, which . . . fails to satisfy the strictures of Rule 60(b). . . ."). The plaintiff engaged in a lengthy negotiation process over the Settlement. He signed the Settlement not once but twice. Finally, he

cashed the defendant's check and has not offered to give it back.  As such, it would be unjust to undo the Settlement.

For these reasons, I deny the plaintiff's motion to reopen the case.

## IV. Conclusion

For the reasons discussed above, the plaintiff's motion to reopen the case (ECF No. 65; ECF No. 66) is hereby DENIED.

IT IS SO ORDERED.

       /s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut

               January 31, 2018